SUAREZ, J.
 

 Ismael Perez appeals from the trial court’s July 22, 2009 order denying his motion to correct an illegal sentence pursuant to Florida Rule of Criminal Procedure 3.800. We reverse.
 

 Perez was charged with kidnapping with a weapon, armed robbery and armed burglary. Perez pleaded guilty to all three counts. The plea colloquy indicates some conversation between the State, defense and trial court about the legality of stacking minimum mandatory sentences, and the State ultimately offered — and Perez accepted — a twenty-five year sentence that included two consecutive ten-year minimum mandatory sentences, and a five-year concurrent mandatory minimum term for Count 3.
 

 The record reflects that the trial court orally pronounced sentence for Count 1, a ten-year minimum mandatory sentence; for Count 2, a ten-year minimum mandatory sentence to run consecutive to Count 1; and for Count 3, a five-year minimum mandatory sentence to run concurrent to Counts 1 and 2. The State clarified its position, and the trial court then re-stated the sentences on the record: “I sentence you to twenty-five years; ten years on Count one, ten years on Count two, total sentence is twenty-five years; and Count three, to five years. Count three, the State acquiesces will run concurrent to both Counts one and two and not consecutive to one and two.”
 

 The written judgment, dated November 27, 2000, reads that the sentence is for twenty-five years, and as to Counts 1-3, the written sentence reads “minimum
 
 *952
 
 mandatory imposed on Counts 1 and 2 consecutive with each other, and the minimum mandatory imposed on Count 8 shall run concurrent with Counts 1 and 2.” We find no contradiction between the oral pronouncement of sentence and the written judgment and sentence.
 

 In 2005, however, pursuant to a motion by Perez to correct his sentence, the trial court “corrected” Perez’s sentence nunc pro tunc to November 2000 to read that “a ten (10) year minimum mandatory is imposed in Counts 1 and 2
 
 concurrent
 
 with each other.” This order contradicts the original written and oral sentence by making the ten-year sentences in Counts 1 and 2 to run concurrently. In July, 2009, Perez requested the Department of Corrections to clarify his sentences for the three counts. The Department of Corrections responded that the last order revised the minimum mandatory for Counts 1 and 2 to run concurrently.
 

 As Perez was approaching the end of his (first) ten-year sentence, he filed the current 3.800 motion wondering, rightly, just what was going on. He asked the trial court to enter a new written judgment to reflect a ten-year sentence for both Counts 1 and 2, and a five-year sentence for Count 3,
 
 all
 
 to run concurrent with each other to reflect the “corrected” judgment rendered by the second judge. The trial court rendered an order providing that the original sentences for Counts 1 and 2 were for ten year consecutive sentences (correct so far), but that the original sentencing court obviously intended for the five-year sentence in Count 3 to also run consecutively to Counts 1 and 2. This is not what the original plea and sentence called for. The trial court correctly denied Perez’s motion for relief, but compounded the previous court’s error by making the five-year term for Count 3 to run consecutive to the sentences in Counts 1 and 2.
 

 It is clear from the record that the original plea was for a twenty-five year sentence, all three counts inclusive, with a ten-year minimum mandatory sentence imposed in Count 2 to run consecutively to a ten-year minimum mandatory sentence for Count 1, and a five-year sentence for Count 3
 
 to run concurrent
 
 with the two consecutive ten-year minimum mandatory sentences in Counts 1 and 2. This is what both the oral and written pronouncements in the record provide.
 

 We therefore reverse the order on appeal and remand for correction of Perez’s sentence to conform to the original oral and written pronouncement of sentence.
 

 Reversed and remanded.